**Nelly Alicia BERNAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73249, A75–721–714.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nelly Alicia Bernal, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of her application for asylum and withholding of removal, and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition for review.

 We lack jurisdiction to review the IJ's finding that no extraordinary circumstances excused Bernal's untimely asylum application. *See* 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). Accordingly, we dismiss the petition for review of her asylum application.

As to Bernal's contentions regarding the denial of withholding of removal, we conclude that substantial evidence supports the IJ's finding that the killings of Bernal's relatives and the threatening phone calls she received were not on account of political opinion or membership in a particular social group. *See Molina–Estrada*, 293 F.3d at 1094–96.

Bernal's contention that the BIA's streamlining regulations violate due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir. 2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

We need not address Bernal's contention that the IJ improperly made an adverse credibility determination because we conclude that the IJ did not make an adverse credibility determination. *See Shoafera v. INS*, 228 F.3d 1070, 1074 n. 3 (9th Cir. 2000).

The IJ properly denied relief under CAT because Bernal failed to demonstrate that it is more likely than not that she will be tortured if removed to Colombia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.